[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on April 17, 1971 at Stratford, Connecticut. They have resided continuously in this State since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in §§ 46b-81, 46b-82 and 46b-62 Connecticut General Statutes in reaching the decision reflected in the orders that follow.
The parties have been married for over 27 years. The plaintiff is 51 years of age and the defendant is 52 years of age.
The plaintiff has been in Psychiatric treatment for some time. She suffers from major depression, post traumatic stress disorder and substance abuse problems. She has attempted suicide on more than one occasion. She requires medication to prevent severe depression, paranoia and suicidal tendencies. The CT Page 15014 plaintiff also receives regular counseling at $80. per hour. Because the plaintiff had limited ability to speak in her own behalf, is easily persuaded by her husband's demands, and could not say "no" to her husband's demands, the court appointed a Guardian ad Litem for the plaintiff.
Both the plaintiff's psychiatrist and counselor testified on behalf of the plaintiff. Both indicated the plaintiff is competent, understood the trial proceedings and was able to testify in her own behalf — which she did. The medication holds the major depression at bay, but the depression is constant. The plaintiff has had seven hospitalizations in seven years.
Despite this biological disease, the plaintiff has been gainfully employed on a part time basis earning approximately $77. net per week. She also receives Social Security disability in the amount of approximately $130 per week net. The plaintiff has been gainfully employed in different capacities throughout the marriage. Most of her earnings went to the private school education for the parties' daughter, who is now 20 years old.
The plaintiff had a personal injury case in which she received a net of $58,000. Some of this money went into the marital home; a motor vehicle was purchased for their daughter; and the rest of these funds went toward the daughter's college tuition and education. There is $7,000 remaining from this settlement.
The plaintiff is not able to work a full time job at this time. The issue of medical insurance coverage is thus critical to the plaintiff. In June 1999, she will be eligible for medicare coverage. However, this will not cover her necessary medications which run from $50 to $73 per week. Under COBRA benefits through the defendant's employer, the plaintiff's prescriptions are substantially paid. The COBRA cost is $253 per month.
The defendant is a high school teacher earning approximately $56,000 per year. He has been a teacher for over 20 years and has a substantial pension valued by the pension expert with a present value of $140,853. The defendant felt he was a good husband and was supportive of the plaintiff throughout the depression, hospitalizations and suicide attempts. Due to stress, the defendant was unable to teach for several weeks. He presently takes medication for panic attacks, sleeping pills and CT Page 15015 antidepressant medication.
The parties separated in July 1996. The defendant continues to reside in the marital home.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship. The following orders shall enter:
Marital Home
The parties are the joint owners of the marital home located at 93 Walnut Street, Seymour, Connecticut. The defendant currently resides there. The parties agreed the property had a fair market value of approximately $140,000 to $145,000. The home was purchased in 1982 for approximately $58,000. The present mortgage balance is $67,379 which includes the home equity loan.
The plaintiff is awarded 60% of the present equity in the marital home or the sum of $43,572. The defendant shall pay this sum to the plaintiff within 90 days of date at which time the plaintiff shall quitclaim all her right, title and interest in said premises to the defendant.
In the event the defendant fails to buy out the plaintiff's interest, then the real estate shall be immediately listed for sale and sold forthwith. From the proceeds of sale shall be deducted the mortgage, home equity loan, broker's commission and usual and customary closing costs and attorney's fees. The net proceeds shall be divided 60% to the plaintiff and 40% to the defendant.
The defendant shall notify the plaintiff within 30 days of the date hereof, his election to buy out the plaintiff or sell the real estate.
The defendant shall be solely responsible for the payment of the mortgage, taxes, home equity loan and insurance until the property is sold.
The Court shall retain jurisdiction over any disputes with respect to the sale of the real estate.
Alimony
CT Page 15016
The court has again carefully reviewed the statutory criteria as set forth in § 46b-82 C.G.S. Health, occupation, amount and source of income, employability, earning capacity, needs of the party — all spring out.
As previously indicated, the parties have been married for 27 1/2 years. The plaintiff is 51 years old and the defendant is 52 years of age. The plaintiff's health is poor. She is receiving Social Security disability insurance. She is limited to part time work and requires constant medication to keep her depression under control. Her net income from her employment is approximately $4,000 per year. She also receives Social Security benefits of $6760 net per year.
The defendant has been in the teaching profession for 27 years. He is currently a high school teacher earning a gross of $56,524 per year and a net of approximately $42,952 per year.
Against the background of the evidence as presented in this case, it is ordered that the defendant shall pay to the plaintiff as periodic alimony the sum of $275 per week payable until the death of either party or the plaintiff's remarriage or cohabitation as defined by statute, whichever event shall first occur.
Medical Insurance
1. The defendant shall pay the plaintiff's cost of COBRA, presently in the amount of $253 per month, until such time the wife qualifies for Medicare in approximately June of 1999.
2. Upon the plaintiff receiving Medicare, the defendant shall pay the premium cost of supplemental medical coverage for the plaintiff until the death of either party or the remarriage or cohabitation, as defined by statute, by the plaintiff.
3. The defendant shall be responsible for one-half of all medical expenses for the plaintiff which are not covered by the supplemental insurance.
G.E. Stock and Attorneys' Fees
1. The defendant shall transfer and assign to the plaintiff 338 shares of the G.E. Common Stock within 30 days of date. CT Page 15017
2. The remaining shares of the G.E. Common Stock shall be the property of the defendant. The defendant has already used some of the shares of stock to pay his attorney's fees. It is further ordered that the defendant shall pay to the plaintiff as counsel fees the sum of $10,000 — which amount shall be paid from the defendant's shares of stock or other assets within 30 days of date.
Guardian Ad Litem
The guardian ad litem performed invaluable services in this matter. The guardian ad litem is awarded a fee of $5,000 to be paid as follows:
 1. $2500 by the defendant to be paid within 30 days of date. Said sum shall come from the G.E. stock or any other liquid asset the defendant chooses to use.
 2. $2500 shall be paid by the plaintiff within 30 days of date.
Personal Injury Proceeds
The plaintiff has approximately $7,000 remaining from her personal injury settlement. The major portion of this settlement was used by the plaintiff for the college tuition and expenses for the parties' minor child. The small amount remaining shall be retained by the plaintiff and shall not be used for the college education of the parties' daughter. The defendant has sufficient assets with his remaining shares of G.E. stock to assist his daughter with her college education if he so chooses.
Personal Property
1. The 1993 Dodge Caravan motor vehicle shall be the sole property of the plaintiff.
2. The 1987 Isuzu motor vehicle shall be the sole property of the defendant.
3. The defendant shall return the diamond engagement ring to the plaintiff forthwith.
Pension Benefits
CT Page 15018
The plaintiff is awarded a 50% interest in and to the defendant's Connecticut Teacher's Retirement plan with the value to be determined as of the date of this dissolution. The appropriate QDRO shall be prepared.
On or before retirement and to the extent permitted by law and at the earliest time as allowed by law, the defendant shall choose a period certain of 25 years (under § 10-183j C.G.S. and known as Plan C, period certain). The defendant shall make this election at the earliest time as allowed by law. If the defendant fails to choose this option, then his estate, in the event of his death, shall be liable for the benefits that would have been awarded to the plaintiff under this section. This court shall retain jurisdiction over any disputes arising out of this provision and to enforce this provision.
The QDRO shall provide the plaintiff a 50% interest in the defendant's plan in the event of the defendant's death prior to retirement.
Life Insurance
There was sufficient evidence presented as to the cost of life insurance. The court orders that the defendant shall obtain a life insurance policy in the amount of $175,000 with the plaintiff named as the irrevocable beneficiary thereon. The defendant shall maintain said policy for so long as he has an obligation for alimony.
The defendant shall obtain said policy within 60 days of date. Further, the defendant shall provide annual proof to the plaintiff of the existence of such life insurance.
By the Court
Coppeto, J. CT Page 15019